*539 OPINION.
Sibekin :
In view of the fact that the value of the property of the petitioner upon which depreciation should be taken and the rates of such depreciation have been stipulated between the parties, as set forth in the findings of fact, the amount of such allowance for depreciation should be computed in conformity therewith.
*540 The only remaining question to be determined is whether a claim of petitioner against the Government of Ecuador should be deducted from income for the year 1919.
It was shown that damage to property to the extent of 21,016 sucres, 58 centavos was sustained by the petitioner as a result of a revolution in Ecuador in 1911. Suit was entered against the Government of Ecuador, but the case was finally disposed of in favor of the Government of Ecuador on March 10, 1913.
Section 234 (a) of the Revenue Act of 1918 states:
That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
* * * * * * *
(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise.
In this proceeding the evidence shows that the loss occurred in 1911, and that the petitioner’s law suit against the Government of Ecuador culminated adversely to the petitioner in 1913. No evidence is adduced to show that the loss was sustained in 1919, nor is there any evidence to show that any debt was owing to the petitioner which would justify a charging off as a bad debt. See Luke & Fleming, Inc., 1 B. T. A. 12. We, therefore, hold that it was not deductible from income in the year 1919.
Judgment will be entered on 15 dags’ notice, wider Rule SO.